IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JUDY D. LIEBERMAN §<br>§<br>Plaintiff, §<br>§<br>vs. §<br>§<br>WELLS FARGO BANK, N.A. §<br>§<br>Defendant. § | CIVIL ACTION NO. 5:20-CV-00180 |

**DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL**

Notice is hereby given that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 Defendant Wells Fargo Bank N.A., ("Defendant" or "Wells Fargo") hereby removes this action from the 73rd Judicial District, Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division and as ground for removal, states the following:

**I.  STATE COURT ACTION**

1. On January 29, 2020, Plaintiff Judy D. Lieberman ("Plaintiff") filed Plaintiff's Original Petition (the "Complaint") in the 73rd Judicial District of Bexar County, Texas in an action styled *Judy D. Lieberman v. Wells Fargo Bank, N.A.*, case number 20210-CI-02051 (the "State Court Action").

2. In the State Court Action, Plaintiff seeks to preclude the foreclosure of the real property commonly known as 10110 Silverbrook Pl., San Antonio, Texas 78254 (the "Property"). *See* Compl. p. 3. Plaintiff alleges Defendant promised not to foreclose on the Property while her loan modification application was under review. *Id* at 2. Based on this allegation, Plaintiff asserts a cause of action for common law fraud, and seeks injunctive relief, actual damages, interest, and costs.

3.      Defendant removes this action on the basis of diversity jurisdiction as fully described herein.

## II.      PROCEDURAL REQUIREMENTS

4.      This action is properly removed to this Court because the State Court Action is pending within the district and division. 28 U.S.C. §§ 124(d)(4), 1441, 1446(a).

5.      Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by the following materials:

Exhibit A      Civil Cover Sheet and Supplemental Coversheet;

Exhibit B      State Court Docket Sheet and State Court File; and

Exhibit C      Bexar County Appraisal District's valuation for the Property.

6.      Pursuant to 28 U.S.C. § 1446(d), simultaneously with filing of this Notice of Removal, Defendant is serving Plaintiff with a copy of the Notice of Removal, and filing a copy of the Notice of Removal with the 73rd Judicial District of Bexar County, Texas.

7.      This removal is timely because Defendant was served via its registered agent on February 4, 2020. 28 U.S.C. § 1446.

## III.     DIVERSITY JURISDICTION

8.      Defendant removes the State Court Action to this Court on the basis of diversity jurisdiction. Where there is complete diversity among parties, and the amount in controversy exceeds $75,000 exclusive of interest and costs, an action may be removed to federal court. *See* 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because the Plaintiff and Defendant are not citizens of the same state, and the amount in controversy exceeds $75,000.

### A.      COMPLETE DIVERSITY EXISTS

9.      Plaintiff is a natural person, so her citizenship for diversity purposes is where she is domiciled, that is, where she has a fixed residence with the intent to remain indefinitely.

*Margetis c. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, at *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)). For the purpose of diversity jurisdiction, Plaintiff is domiciled in Bexar County, Texas. *See* Compl. p. 1.

10. Wells Fargo is a national banking association pursuant to federal law. A national bank, for diversity purposes, "is a citizen of the state in which its main office, as set forth in its Articles of Association, is located." *Wachovia Bank, N.A., v. Schmidt*, 546 U.S. 303, 307 (2006). Under its articles of association, Wells Fargo's main office is located in South Dakota. Therefore, Wells Fargo Bank, N.A., is a citizen of South Dakota for diversity purposes. 28 U.S.C. § 1348; *Wachovia Bank*, 546 U.S. at 307.

### A. THE AMOUNT IN CONTROVERSY IS SATISFIED

11. The amount-in-controversy is also satisfied. Where a defendant can show, by a preponderance of evidence, that the amount in controversy is greater than the jurisdictional amount, removal is proper. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *see also St. Paul Reins Co. v. Greenberg*, 134 F.3d 1250, 1253 n. 13 (5th Cir. 1998) ("The test is whether it is more likely than not the amount of the claim will exceed the [jurisdictional minimum]."). The defendant can meet its burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or alternatively, if the defendant introduces other evidence to show the amount in controversy more likely than not exceeds $75,000. *E.g. Manguno v. Prudential Prop & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Greenberg*, 134 F.3d at 1253. To determine the amount in controversy, a court may consider actual damages, exemplary damages, and attorney fees. *White*, 319 F.3d at 675-76.

12. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortgage, LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Hunt v. Wash State Apple Advere.*

*Comm'n*, 432 U.S. 333, 347 (1977)); *Martinez v. BAC Home Loans Servicing*, 777 F. Supp.2d 1039, 1044 (W.D. Tex. 2010). The *Farkas* court held "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of the property represent the amount in controversy." *Id*. When the right to the entirety of the property is called into question. "the value of the property controls the amount in controversy." *Nationstar Mortgage LLC v. Knox*, No. 08-60887, 31 Fed. App'x 844, 848 (5th Cir. 2009) (quoting *Waller v. Prof'l Ins. Corp*., 296 F.2d 545, 547-48 (5th Cir. 1961)); *see also Alsobrook v. GMAC Mortg., L.L.C*., 541 Fed. App'x 340, 342 n.2 (5th Cir. 2013); *Copeland v. U.S. Bank Nat'l Ass'n*, No. 11-51206, 485 Fed. App'x 8, 9 (5th Cir. 2012) (relying on the value of the property to satisfy the amount in controversy in exercising diversity jurisdiction over appeal of foreclosure-related claims).

13.     Plaintiff seeks injunctive relief precluding the foreclosure sale of the Property. *See* Compl. p. 3. Because Plaintiff seeks to preclude Defendant from exercising its right to foreclose on the Property, the Property is the object of the litigation, and its value represents the amount in controversy. *See Knox*, 351 Fed. App'x at 848; *see also Turner v. JP Morgan Chase, Bank*, N.A. 3:12-CV-2701-M (BF), 2013 WL 2896883, at *3 (N.D. Tex. June 13, 2013) (using the current market value from the Dallas Central Appraisal District to calculate the amount in controversy where the plaintiff sought to preclude foreclosure (citing *Copeland*, 485 App'x at 9 ("[T]he amount in controversy exceeds $75,000 due to the value of the subject property . . .")). According to the Bexar County Central Appraisal District, the current tax assessed market value for the Property is $211,703.[1]

---

[1] Attached as Exhibit C is a true and correct copy of the Bexar County Appraisal District tax assessed market valuation of the Property. The tax assessed value is not meant to show the true fair market value, but rather to establish that the property value likely exceeds $75,000. Pursuant to Federal Rule of Evidence 201, Defendant requests the Court take judicial notice of Exhibit C.

14. Because Plaintiff and Defendant are completely diverse, and the amount in controversy exceeds $75,000 exclusive of interest and costs, removal is proper.

## IV.   PRAYER

WHEREFORE, Defendant removes this action from the 73rd Judicial District of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, so this Court may assume jurisdiction of the cause as provided by law.

**RESPECTFULLY SUBMITTED,**

**LOCKE LORD LLP**

*/s/ B. David L. Foster*
B. David L. Foster (dfoster@lockelord.com)
State Bar No. 2403155
**LOCKE LORD LLP**
600 Congress Avenue, Ste. 2200
Austin, TX 78701
(512) 305-4700 (Telephone)
(512) 305-4800 (Facsimile)

Robert T. Mowrey (rmowrey@lockelord.com)
Bar No. 14607500
**LOCKE LORD LLP**
2200 Ross Avenue, Ste. 2200
Dallas, Texas 75201
(214) 740-8000 (Telephone)
(214) 740-8800 (Facsimile)

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

      I hereby certified that a true and correct copy of the foregoing document was served on this the 13th day of February 2020, on the following via the Federal Rules of Civil Procedure.

Ramon S. Rodriguez, Jr.
Rodriguez & Garza, P.L.L.C.
247 W. Olmos Dr., Ste. 200
San Antonio, Texas 78212
Tel: (210) 281-02848
Fax: (210) 549-2556
Rsrjr04@hotmail.com
Attorney for Plaintiffs

                                      */s/ B. David L. Foster*
                                      B. David Foster